# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1843V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| QUANDA LUNA, | * | |
| | * | |
| Petitioner, | * | Special Master Jennifer A. Shah |
| | * | |
| v. | * | |
| | * | Filed: June 11, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Courtney Christine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.
*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 4, 2019, Quanda Luna ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"), alleging that she suffered a vaccine-induced anaphylaxis, inflammatory syndrome, and muscle weakness causing Paradoxical Vocal Cord Motion ("PVCM") as a result of the influenza ("flu") vaccination she received on December 7, 2017.  ECF No. 1 ("Pet.") at 1.

On March 2, 2021, Respondent filed his Rule 4(c) Report, contending that entitlement to compensation should be denied.  ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On February 11, 2022, Petitioner filed an application for interim attorneys' fees and costs, seeking $27,098.80 in fees and $861.28 in costs for work performed from October 31, 2019, through January 27, 2022.  ECF No. 39.  On August 19, 2022, former Special Master Katherine E. Oler granted Petitioner's application in part, awarding $25,326.78.  ECF No. 51.

Thereafter, the parties submitted expert reports and medical literature.  *See* ECF Nos. 45-48, 57, 60-62, 64.  On September 23, 2023, Petitioner filed a motion for a ruling on the record.  ECF No. 66.  Respondent filed a response to Petitioner's motion on February 5, 2024, and Petitioner filed a reply brief on February 14, 2024.  ECF Nos. 69-70.  Petitioner then filed updated medical records and her expert's updated curriculum vitae.  *See* ECF Nos. 71, 73, 75.

Petitioner filed a second motion for interim attorneys' fees and costs on December 31, 2024, requesting a total of $57,643.35, comprised of $50,074.50 for attorneys' fees and $7,568.85 for attorneys' costs.  ECF No. 76 ("Fees App.") at 38.[3]  Respondent filed a response on January 6, 2025, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs.  ECF No. 78 ("Fees Resp.") at 2-3.  Petitioner did not file a reply brief.  Petitioner has not incurred any personal costs.  Fees App. at 1, 42.

Petitioner was initially represented by Mr. Mark Sadaka.  On March 2, 2022, Mr. Andrew D. Downing filed a motion to substitute as counsel for Petitioner.  ECF No. 42.  On January 3, 2025, Mr. John Beaulieu filed a motion to substitute as counsel for Petitioner.  ECF No 77.  On February 3, 2025, Ms. Courtney Christine Jorgenson filed a motion to substitute as counsel for Petitioner.  ECF No. 79.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$56,694.35** in interim attorneys' fees and costs.

## I.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."  *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  *Avera*, 515 F.3d at 1352.  Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is

---

[3] Although Petitioner requested $57,643.35 for interim attorneys' fees and costs, she has provided documentation supporting only $57,639.35 for such fees and costs.  Fees App., Ex. A at 1-10, 27-31.

2

proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of

3

Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider a myriad of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

**II. Discussion**

**A. Undue Financial Hardship**

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008). Petitioner's former counsel, Mr. Downing, worked on this case from March 2022 through December 2024; Petitioner was last awarded interim fees and costs on August 19, 2022, for Mr. Sadaka's work. ECF Nos. 42, 51, 77; Fees App., Ex A. As counsel, Mr. Downing retained an expert, filed two expert reports and supporting medical literature, filed a motion for a ruling on the record and reply brief, and filed updated medical records. *See* ECF Nos. 45-48, 60-62, 66, 70-

4

71, 73, 75.  Although successive awards of interim fees and costs are generally disfavored, under these circumstances I find that Petitioner would suffer undue hardship without such an award.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim, and he leaves the determination to my discretion.  Fees Resp. at 2-3.  I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence.  Petitioner filed extensive medical records and multiple expert reports with supporting medical literature, and this case proceeded to a motion for a ruling on the record.  I find that Petitioner has maintained a reasonable basis for her claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs as described below.

### C.  Attorneys' Fees

Petitioner requests a total of $50,074.50 in attorneys' fees for Downing, Allison & Jorgenson, LLC ("Downing, Allison & Jorgenson"); however, Petitioner only provided documentation for $50,070.50 in attorneys' fees.  Fees App. at 38, Ex. A at 1-10, 27-31.  Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable.  *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

   1.  <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney."  *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

---

[4] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015 through 2025 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.  The hourly rates contained within the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

5

Petitioner requests compensation for her counsel, Mr. Andrew Downing, at the following hourly rates: $445.00 per hour for work performed in 2022; $445.00 per hour for work performed in 2023; and $485.00 for work performed in 2024. Fees App. at 41. Petitioner also requests compensation for Ms. Ann Allison, counsel, at the following rates: $415.00 per hour for work performed in 2022; $415.00 per hour for work performed in 2023; and $435.00 per hour for work performed in 2024. *Id.* Petitioner requests compensation for Ms. Courtney Jorgenson, counsel, at the following rates: $345.00 per hour for work performed in 2022; $345.00 per hour for work performed in 2023; and $375.00 per hour for work performed in 2024. *Id.*

Petitioner also requests compensation for paralegal work. Fees App. at 41-42. Petitioner requests compensation for Mr. Robert Cain, paralegal, at the rate of $135.00 per hour for work performed in 2022. Fees App. Ex. A at 31. Petitioner requests compensation for Ms. Danielle Avery, paralegal, at the following hourly rates: $155.00 per hour for work performed in 2022; $155.00 per hour for work perform in 2023; and $175.00 per hour for work performed in 2024. *Id*. at 41. Petitioner requests compensation for Mr. Alex Malvick, paralegal, at the following rates: $155.00 per hour for work completed in 2023; and $175.00 per hour for work performed in 2024. *Id*. at 42. Lastly, Petitioner requests compensation for Ms. Samantha Perez, paralegal, at a rate of $175.00 per hour for work performed in 2024. *Id*.

Mr. Downing's and Ms. Jorgenson's requested rates for work performed during 2023 and 2024 are consistent with what they have previously been awarded and are in accordance with the Office of Special Masters' Fee Schedule; however, the requested rates for Mr. Downing and Ms. Jorgenson for 2022 require adjustment, as they are inconsistent with previously awarded rates. *See Coons v. Sec'y of Health & Hum. Servs.*, No. 20-1067V, 2025 WL 1011347, at *2 (Fed. Cl. Spec. Mstr. Jan 17, 2025) (awarding Mr. Downing a rate of $415.00 per hour and Ms. Jorgenson a rate of $325.00 per hour); *see also Wakileh v. Sec'y of Health & Hum. Servs.*, No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023). Accordingly, the 2022 rates for Mr. Downing and Ms. Jorgenson will be reduced to their previously awarded rates: $415.00 per hour for Mr. Downing and $325.00 per hour for Ms. Jorgenson. This results in a $145.00 reduction.[5]

Ms. Allison's requested rates are consistent with what she has previously been awarded and are in accordance with the Office of Special Masters' Fee Schedule. *See Coons*, 2025 WL 1011347, at *2; *Wakileh*, 2023 WL 9228198, at *3. Accordingly, I find Ms. Allison's requested rates are reasonable and that no adjustment is warranted.

Additionally, I find the requested paralegal rates are reasonable, based on the Office of Special Masters' Fee Schedule and what Mr. Downing's staff has previously been awarded. *See Martin v. Sec'y of Health & Hum. Servs.*, No. 22-384V, 2025 WL 996725 (Fed. Cl. Spec. Mstr.

---

[5] Applying Mr. Downing's previously awarded rate of $415.00 for work performed in 2022 results in a $135.00 reduction ($445.00 - $415.00 = $30.00 x 4.5 hrs. = $135.00 reduction);

Applying Ms. Jorgenson's previously awarded rate of $325.00 for work performed in 2022 results in a $10.00 reduction ($345.00 - $325.00 = $20.00 x 0.5 hrs. = $10.00 reduction);

The total reduction is $145.00 (135.00 + 10.00 = $145.00).

Feb. 27, 2025).

    2. <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See*, *e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary due to excessive paralegal time billed for administrative/clerical tasks and review of filings. Most of these entries report between 0.1 and 0.3 hours for receiving and reviewing status reports and scheduling orders. *See* Fees App., Ex. A. Examples include (but are not limited to):

- February 15, 2024: 0.3 hours billed by Ms. Avery to "Finalize and *file Notice of Filing*; *receive and review Court's ECF notification*; memo to file re: completion.";

- August 13, 2024: 0.3 hours billed by Ms. Perez to "*Receive and review ECF Notification* re; Notice of Reassignment; brief to file";

- August 15, 2024: 0.1 hours billed by Mr. Malvick to "*Receive and review Court's ECF notification for Notice of Filing*; memo to file re: completion."

*Id.* (emphasis added). The paralegals billed approximately 5.1 hours for these tasks, resulting in charges of $836.50. These issues have previously been raised with Mr. Downing. *See Coons*, 2025 WL 1011347 at *3; *Wakileh*, 2023 WL 9228198, at *3; *Hoover on behalf of L.H. v. Sec'y of Health & Hum. Servs.*, No. 20-1394V, 2021 WL 5575768, at *9 (Fed. Cl. Spec. Mstr. Nov. 1, 2021). Because these tasks were performed over three years by the paralegals and billed at different hourly rates, I will apply a flat $800.00 deduction from the requested attorneys' fees for these charges.

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$49,125.50**.[6]

**D. Reasonable Costs**

Petitioner requests a total of $7,568.85 for attorneys' costs, consisting of $168.19 for medical record requests; $0.66 for postage; and $7,400.00 for Dr. Axelrod's expert costs. Fees App., Ex. A at 10.

Petitioner provided documentation for the costs associated with the medical record requests. Fees App., Ex. A at 17-26. I find these costs to be reasonable and award them in full. Petitioner did not provide documentation for her postage costs; however, because these costs are normal business expenses and not unreasonable, I will award them in full. I discuss Petitioner's expert costs below.

   1. Petitioner's Expert Costs for David Axelrod, M.D.

Petitioner requests $7,400.00 for Dr. Axelrod's fee at a rate of $400.00 per hour. Fee App., Ex. A at 12-17. Dr. Axelrod has been awarded his requested hourly rate by other special masters, and I see no reason to disturb his request. *See Druery v. Sec'y of Health & Hum. Servs.*, 17-1213V, 2020 WL 5743105, at 5 (Fed. Cl. Spec. Mstr. Aug. 17, 2020); *see also Sutton v. Sec'y of Health & Hum. Servs.*, No. 19-1887V, 2023 WL 9099853, at *2 (Fed. Cl. Spec. Mstr. Nov. 1, 2023). I find Dr. Axelrod's fee to be reasonable, and I will award it in full. Accordingly, Petitioner is awarded $7,400.00 for Dr. Axelrod's expert costs.

---

[6] This total reflects Petitioner's documented request for $50,070.50 for attorneys' fees minus the $145.00 reduction for Mr. Downing's and Ms. Jorgenson's work in 2022, minus the $800.00 reduction for paralegal billing. ($50,070.50 - $145.00 - $800.00 = $49,125.50).

8

I award Petitioner a total of **$7,568.85** in attorneys' costs.[7]

### III.  Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT IN PART** Petitioner's application.  Petitioner is awarded interim attorneys' fees and costs in the total amount of **$56,694.35** as follows:

- A lump sum in the amount of **$56,694.35**, representing reimbursement of Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[7] Petitioner is awarded $168.19 for medical records requests; $0.66 for postage; and $7,400.00 for Dr. Axelrod's work; totaling $7,568.85.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

9